## DARDEN v. CALLAGHAN.

### No. 14,862; October 29, 1892.

#### 31 Pac. 263.

Conversion—Agreement to Sell.—Where Suit was Brought for the conversion of goods sold to defendant, but which plaintiff claimed had previously been sold to him, and the evidence, instead of showing a sale to plaintiff, tended only to show an agreement to sell, and that the goods should remain with the seller until a certain time, and be paid for on or before delivery, an instruction giving the essentials of a contract of sale is improper, as the belief might thus be induced that, under such a contract, plaintiff would have sufficient title to maintain the suit.

APPEAL from Superior Court, Humboldt County; G. W. Hunter, Judge.

Action by Daniel Boone Darden against Bartholomew Callaghan. From the judgment and order denying a new trial, defendant appeals. Reversed.

Ford & Burnell for appellant; J. W. Turner for respondent.

TEMPLE, C.—This appeal is from the judgment and order denying a new trial. The action was to recover damages for the conversion of personal property, and was tried with the aid of a jury. Both parties claim to have purchased from one Dolly Edwards, who first sold or agreed to sell to plaintiff, and then to defendant. Whether the transaction with plaintiff was a sale or only an agreement to sell was an important issue in the case, for, if it were the latter only, he had not such a title as would enable him to maintain this action. The only evidence upon that subject is the testimony of the plaintiff himself. He says, in substance, that he deals in second-hand goods; that the vendor came to his place of business on January 2, 1891, and asked if he would buy her furniture. The same day (Friday) he called and made an inventory, and the next morning offered her $290 for it. She said she would let him know whether she would accept or not, and shortly after came, as he says, "and told me I could have the goods; that they were mine. I paid her $50 on the goods, and told her I would pay the balance that evening." He took a receipt for the money as follows: "Eureka, Cal., January 3, 1891. Received from D. S. Darden, on furniture, fifty dollars. Miss D. Edwards." She was going away, and wanted him to leave the goods there until Monday, so she could use the house, and save the expense of an hotel, and plaintiff consented. He testified: "Everything was placed as it would be fixed up in a house. The carpets were tacked down. The house was a two-story house, and both floors were furnished, including the halls. In the afternoon she came back to the store, and offered to return the $50. I was not present, and my clerk would not take it." On cross-examination he testified: "Question. The question I asked you was this: Are you positive that, according to your agreement, you were to pay her the balance of the money that evening, and leave the goods there until Monday? Answer. Yes, sir; I was." On the same day that the contract was made with the plaintiff, and before he had tendered the balance of the purchase money, defendant bought the goods, paid for them, and they were delivered to him.

It seems evident from plaintiff's testimony that the goods were not to be delivered to plaintiff until paid for. If

defendant had not purchased, plaintiff would not have been entitled to demand the goods on Monday without having paid or offered to pay for them; and had they been destroyed by fire in the meantime, it seems equally plain that the loss would not have been his. If the price is to be paid before or on delivery, the title does not pass until payment is made. There was here neither delivery nor payment of the price: Blackwood v. Packing Co., 76 Cal. 212, 9 Am. St. Rep. 199, 18 Pac. 248, and authorities there cited. There being no conflict in the evidence upon this subject, and no chance for construction, and both parties accepting the evidence as true, its effect, as constituting a sale or an agreement to sell, was a question of law for the court. The evidence did not tend to prove more than an agreement to sell. That would not confer title, without which plaintiff cannot maintain this suit. At the request of plaintiff, and over the objections of defendant, the court instructed the jury as to what was essential to a valid contract of sale, under the statute of frauds. Such an instrument was not pertinent to any issue in this case, and may have been prejudicial, as calculated to induce the jury to believe that a valid agreement for the purchase of the property would confer upon plaintiff sufficient title to maintain the action. Indeed, it is difficult to imagine any other purpose in giving it. I can imagine no circumstance which can justify such an instruction in a case of this character. I cannot see how the rule found in section 3294 of the Civil Code could be made applicable in this case, even had there been evidence tending to establish a sale to plaintiff, rather than a mere agreement to sell. I think the verdict is against the evidence, and that the court erred in the respects mentioned, and that the judgment and order should be reversed and a new trial had.

We concur: Belcher, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are reversed and a new trial ordered.